Eastern District of Kentucky
F I L E D

SEP 2 9 2005

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 04-363-GWU

RONNIE MCCOY,                                                      PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                          DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his application for Supplemental Security Income (SSI). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

McCoy

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6.   See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?   If yes, the claimant was not disabled.    If no, proceed to Step 7.    See 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?   If yes, the claimant is not disabled.    See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

McCoy

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an
> underlying medical condition. If there is, we then examine: (1)

3

McCoy

> whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

McCoy

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency

6

McCoy

may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Ronnie McCoy, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of chronic pain in the left hip, leg, knee, foot, and lower back, and nerve problems, depression and anxiety. (Tr. 15). Nevertheless, based in part on the testimony of a vocational expert (VE), the ALJ determined that Mr. McCoy retained the residual functional capacity to perform a significant number of jobs in the economy and, therefore, was not entitled to benefits. (Tr. 18-20). The Appeals Council declined to review, and this action followed.

As the plaintiff points out on appeal, there are significant discrepancies between the ALJ's residual functional capacity finding as outlined in the hearing decision and the hypothetical question proffered to the VE at the administrative hearing. In the hearing decision, the ALJ found that Mr. McCoy was limited to sedentary level exertion, with occasional climbing, balancing, stooping, and crawling,

7

McCoy

and no direct contact with the general public.  (Tr. 18).  At another page of the

hearing decision, it is also indicated that the plaintiff "cannot stand or walk for

prolonged periods of time," although this restriction may be said to be inherent in the

definition of sedentary work.  (Tr. 17).

In any case, at the administrative hearing, the ALJ presented this hypothetical

question to the VE:

> If we had hypothetical claimant same age, education, and work
> background as Mr. McCoy, recognizing the seriousness of his injury
> in July of '91 [sic].  Allowing for the fact that he continued, to his
> credit, to work after seven or eight weeks of being off the job, but
> worked through until July of '02.  And with some additional pain
> associated with that, but the pain would be in a mild to moderate
> category.  What impact—what jobs would that allow Mr. McCoy to do
> in the light category?

(Tr. 50-1).

The VE responded that the light level jobs of companion to the elderly or

disabled, laundry worker, and food preparation helper would be available, and

proceeded to give the numbers in which they existed in the regional and national

economies.[1]

Clearly, the light level jobs identified by the VE would not be appropriate for

an individual who was limited to sedentary exertion, as the ALJ ultimately found.  Nor

---

[1]The plaintiff also correctly points out on appeal that the ALJ overstated the
number of jobs identified by the VE, by 3,000 jobs in the region and by 300,000 jobs
nationally.  (Tr. 19, 51).

8

McCoy

does the actual hypothetical question given at the hearing reflect the findings of any examining or reviewing source. State agency physicians who reviewed most of the record concluded that the plaintiff was capable of light level exertion, with non-exertional restrictions of: (1) never climbing ladders, ropes, or scaffolds, (2) occasionally climbing ramps or stairs, balancing, and crouching, and (3) needing to avoid concentrated exposure to extremes of cold and heat and hazards such as machinery and heights. (Tr. 237-42, 287-95). Dr. Robert Goodman, a one-time examiner, indicated that the plaintiff would have restrictions on squatting and duck walking frequently (Tr. 249), and Dr. Joseph Rapier, another one-time examiner, felt that Mr. McCoy would have limitations on "weight-bearing activities," although he was not more specific, as well as climbing. (Tr. 285, Questions 3 and 4).

Since the ALJ clearly found that the plaintiff was unable to perform his past relevant work (Tr. 19), the burden shifted to the Commissioner showed there were jobs existing in the economy which he could perform. This burden may be met by vocational testimony or, in cases were there are no non-exertional impairments, by the application of the Commissioner's Medical-Vocational guidelines (the "grids"). As the ALJ noted, the use of the "grids" was inappropriate because of the plaintiff's additional exertional and/or non-exertional limitations. (Tr. 18). Since the hypothetical question given to the vocational expert bore no relation to the ALJ's eventual findings, the VE's answer does not provide substantial evidence to carry the

9

McCoy

Commissioner's burden.  Furthermore, because the hypothetical factors were not otherwise supported by evidence in the record, the error could not be termed harmless.

In view of the fact that the case is being remanded on other grounds, and because the issue was not briefed, the Court makes no specific finding regarding the adequacy of the choice of mental restrictions.

The decision will be remanded for further vocational testimony.

This the ___29___ day of September, 2005.

G. WIX UNTHANK
SENIOR JUDGE